IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-00037

D'ALFONZA V. MIKELL

## MEMORANDUM OPINION AND ORDER

At a hearing in this matter, held on March 5, 2019, the court **DENIED** the Motion to Withdraw as counsel, (ECF No. 20), filed by Roger L. Lambert. The reasons for that decision follow.

According to Mr. Lambert, defendant "instructed counsel to request that another attorney be appointed to serve as his counsel in the above-styled case. When counsel asked the defendant why he desired other counsel, the defendant stated that he believed he was being `falsely represented' and that [Mr. Lambert] has a `conflict of interest.'" Id.

While the Sixth Amendment affords a criminal defendant the counsel of his choosing, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006). In deciding whether a motion to withdraw as counsel should be granted, a district court should consider three factors: (1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Blackledge, 751 F. 3d 188, 194 (4th Cir. 2014) (quoting United States v. Gallop, 838 F.2d 105, 108

(4th Cir. 1988) (internal citations omitted)). If the appeals court determines that a district court has abused its discretion in denying a motion to withdraw, that ruling is subject to harmless error review. See id.; United States v. Horton, 693 F.3d 463, 467 (4th Cir. 2012).

In this case, the court determined that the motion to withdraw was timely. As to the adequacy of the court's inquiry, the court conducted a hearing and heard from all parties on Mr. Lambert's motion. However, the third factor does not weigh in favor of allowing Mr. Lambert to withdraw. At the hearing, it was clear that the attorney/client conflict was not so great as to result in a total breakdown in communication between defendant and Mr. Lambert. Rather, it appeared to the court that Mr. Lambert stood ready and able to represent defendant and that defendant's complaint regarding Mr. Lambert's services was not justified. See United States v. Smith, 640 F.3d 580, 588 n.4 (4th Cir. 2011) ("To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel. . . . Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.") (emphasis added).

For these and other reasons placed on the record at the hearing, the motion to withdraw was **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record and the CJA Supervising Attorney.

IT IS SO ORDERED this 6th day of March, 2019.

        ENTER:

        David A. Faber
        Senior United States District Judge