```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:19-00037**

**D'ALFONZA V. MIKELL**


## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for relief pursuant to Amendment 821.  See ECF No. 91.  Pursuant to a Standing Order entered on October 31, 2023, the court instituted a review of the sentence imposed in this matter.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans,

the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Pursuant to the Standing Order, the court, in consultation with the United States Probation Office, designated this defendant for Expedited consideration. By Order entered December 27, 2023, the United States Attorney's Office was directed to file any objection to a sentence reduction for this defendant. On December 28, 2023, the United States filed its response agreeing with the Probation Office that defendant appeared eligible for a sentence reduction within the amended guideline range of 37 to 46 months and indicated that it did not intend to file an objection. See ECF No. 69.

At his original sentencing, defendant's sentence was based on a Total Offense Level of 19 and a Criminal History Category of IV, with the defendant having a total of 7 criminal history points, for an advisory guideline range of 46 to 57 months on Count One. As outlined in Paragraphs 44 to 46 of the

2

presentence report, the defendant had a subtotal of 5 criminal history points plus 2 points for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of 7 criminal history points. The defendant was sentenced to 46 months of imprisonment on Count One, 60 months on Count Two to run consecutive to Count One, for a total term of imprisonment of 106 months, 3 years of supervised release, no fine, and a $200 special assessment.

Following the retroactive amendment to the Guidelines, defendant would not receive status points and, therefore, he would have a total of 5 criminal history points, which would lower his Criminal History Category from IV to III. Based on a Total Offense Level of 19 and Criminal History Category of III, the defendant's amended advisory guideline range for Count One would be 37 to 46 months.

Based on the foregoing, the defendant is eligible for relief pursuant to Amendment 821. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, i.e., 37 months on Count One. Notwithstanding a defendant's eligibility for relief, the court still retains the discretion to determine whether a sentence

3

should be reduced and the extent of any reduction after considering the factors under 18 U.S.C. § 3553(a).

The court has carefully considered whether a reduction is appropriate under the facts of this case. Defendant's crimes of conviction were extremely serious and dangerous: possession with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A). According to the addendum, the defendant has had 7 disciplinary infractions while in the custody of the Bureau of Prisons (BOP). Two of those infractions are for engaging in sexual acts and one is for possession of an unauthorized item. Defendant's disciplinary record is concerning to the court. His repeated infractions reflect a lack of respect for the law, a lack of deterrence from the sentence already imposed, and a need to protect the public from further crimes of the defendant. Therefore, after considering the applicable factors under 18 U.S.C. § 3353(a), consistent with 18 U.S.C. § 3582(c)(2), the court finds that a sentence reduction is not appropriate in this case. Defendant's 106-month sentence remains an appropriate sentence. Therefore, defendant's motion for relief pursuant to Amendment 821 is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 20th day of January, 2026.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge